# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

MONICA JUSTICE,

                Petitioner,              :     Case No. 2:21-cv-5902

   - vs -                               District Judge Sarah D. Morrison
                                          Magistrate Judge Michael R. Merz

DALLAS BALDWIN, et al.,

                                 :

                Respondents.

---

## REPORT AND RECOMMENDATIONS

---

This habeas corpus case is before the Court for initial screening pursuant to Rule 4 of the Rules Governing § 2254 Cases (Habeas Rules). Although this case is expressly brought under 28 U.S.C. § 2241, the Supreme Court has provided that the Habeas Rules may be applied to any habeas corpus petition not brought under 28 U.S.C. § 2254. Habeas Rule 1(b).

Under Rule 4, the clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly[1] examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Petitioner previously sought habeas corpus relief under 28 U.S.C. § 2241 in Case No. 2:21-cv-3584. Although this is her second such petition, she does not require circuit court permission

---

[1] Although the Petition was filed December 22, 2021, the Columbus Judges involved with other cases filed by Petitioner did not determine until January 11, 2022, that this was a related case and ordered it referred to the undersigned (ECF No. 4).

to proceed because 28 U.S.C. § 2244(b) is limited to petitions filed under 28 U.S.C. § 2254. Furthermore, the Supreme Court has relied on "the equitable nature of habeas corpus to preclude application of strict rules of *res judicata.*" *Schlup v. Delo*, 513 U.S. 298, 319 (1995), citing, e.g., *Sanders v. United States*, 373 U.S. 1 (1963).

Although *res judicata* is not to be strictly applied as a bar to considering the merits of a second habeas petition, when such a petition raises the same claims as have been raised before and which the Court has thoroughly considered, judicial economy suggests reliance on the prior decision.  The Petitioner here, who is in the custody of Respondent Baldwin under the name "Monica Justice," is awaiting trial on a charge of felonious assault on a peace officer with a firearm specification.  She seeks release from her pretrial detention and discharge of all the charges against her on grounds she acted in self-defense against an entry on her tenancy that violated the Fourth Amendment (Petition, ECF No. 1, PageID 7).

These are the same claims she previously raised in Case No. 2:21-cv-3584.  At the time the Court entered judgment in that case (October 25, 2021), Petitioner was in the temporary custody of Twin Valley Behavioral, but she was in Sheriff Baldwin's custody when she filed the prior case and had been transferred back to the Sheriff's custody after her competency evaluation.  Other than that, her situation remains as it was before.

In dismissing the prior case, the Court upheld the State's claim that Petitioner had not exhausted her available state court remedies because the Ohio Tenth District Court of Appeals had not yet decided her appeal from her pretrial detention order (Opinion and Order, ECF No. 47 in Case 2:21-cv-3584, PageID 801).  Although the prior dismissal was without prejudice, Petitioner has not provided any documentation to show she has now exhausted her available state court remedies.

2

Because the relevant facts and law remain the same, the Magistrate Judge respectfully recommends the Petition herein be dismissed without prejudice for lack of exhaustion. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 12, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.