IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

MONICA JUSTICE,

        Petitioner,     :    Case No. 2:21-cv-5902

 - vs -     District Judge Sarah D. Morrison
    Magistrate Judge Michael R. Merz

DALLAS BALDWIN, et al.,

    :

        Respondents.

## SUBSTITUTED REPORT AND RECOMMENDATION; ORDER DENYING PETITION FOR WRITS OF CERTIORARI

    This habeas corpus case, brought *pro se* by Petitioner Monica Justice, is before the Court on Petitioner's Objections (ECF No. 6) to the pending Report and Recommendation (Report, ECF No. 5) and her Petition for Writs of Certiorari to obtain documents from various courts (ECF No. 7). In order to consider Petitioner's Objections, the Magistrate Judge hereby WITHDRAWS the prior Report and substitutes this filing.

    As the Magistrate Judge understands Petitioner's situation from her pleadings, she is presently in the custody of the Sheriff of Franklin County, Ohio, pending trial on charges of felonious assault. The Report recommended dismissal without prejudice for lack of exhaustion of state court remedies, the same basis on which the Court dismissed Petitioner's prior habeas corpus case under 28 U.S.C. §2241, Case No. 2:21-cv-3584.

    Petitioner objects that the Report omits the fact that the prior case was treated by the Court as having been brought under 29 U.S.C. § 2254 as a "post-sentencing petition for habeas corpus

relief under 28 U.S.C. § 2254" whereas in fact it was brought under 28 U.S.C. § 2241 (Objections, ECF No. 6, PageID 31). Petitioner also objects to the Report's assertion that she has not exhausted available state court remedies. *Id.* She asserts the dismissal of the prior case for lack of exhaustion was in error. *Id.* at PageID 33. However, judgment was entered in the prior case on October 25, 2021, and Petitioner has never appealed. Thus the conclusions in the Order adopting the Report and Recommendations for judgment in the prior case have become the law of the case.

Aside from the law of the case doctrine, the Magistrate Judge finds as of the date of this Substituted Report, that Petitioner has not exhausted available state court remedies for her Fourth Amendment claims.

Petitioner avers her present Petition depends on her assertion that her Fourth Amendment rights were violated when Franklin County deputy sheriffs intruded on her tenancy on July 21, 2020. Based on those violations, she seeks to be discharged from all charges on which a trial is pending, pursuant to 28 U.S.C. § 2241. *Id.* at PageID 35. She claims she has exhausted her state court remedies on that claim in two Tenth District Court of Appeals cases and one case in the Supreme Court of Ohio.

In Case No. 20-AP-551[1] on December 30, 2020, the Franklin County Court of Appeals dismissed a claim by "Monica G. Justus" in which she as

> Appellant filed a document on November 30, 2020 that seeks to challenge "the lawfulness, legality of a 'warrant to search' and the use of items seized in a 'criminal' cause of action." The document indicates that this is "on appeal" from Franklin County Court of Common Pleas Case. No. 20CR-03470 and Franklin County Municipal Court Case No. 2020-1969. After construing the document as a notice of appeal and reviewing both the common pleas and municipal court dockets, we discern no final order from which appellant can appeal nor does appellant direct us to any such order.

---

[1] Petitioner lists as relevant Tenth District Case No. 20-AP-551. There is no such case on the docket of the Tenth District which lists Justice as a party. The Magistrate Judge assumes she intends 20-AP-552 in which she is a party.

(Journal Entry of Dismissal, available on the website of the Franklin County Court of Appeals, at https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline, visited January 29, 2022.)

In Case No. 21-AP-253 on January 18, 2022, the same court entered judgment affirming the judgment of the Franklin County Court of Common Pleas that found Petitioner to be incompetent to stand trial but restorable if treated. She raised thirteen assignments of error, but five of them related to judgments of other courts not on appeal. The balance were from preliminary decisions of the Franklin County Court of Common Pleas in the pending criminal case.

> These arguments both relate to orders that are plainly nonfinal and do not give rise to a right to appeal as well as to questions upon which the trial court has yet to issue rulings. We cannot consider such questions either, as they may be subject to further determination by the trial court. See generally Ohio Constitution, Article IV, Section 3(B)(2) and R.C. 2505.02(B).

(Decision of January 13, 2022, available on the website of the Franklin County Court of Appeals at https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline, visited January 29, 2022.)

Finally, in Ohio Supreme Court Case No. 21-225 did seek to have that court set aside all bonds that were keeping her in pretrial detention. The Court denied her emergency petitions in that regard. *State v. Monica Greer Justus,* 21-Ohio-1399 (Apr. 27, 2021).

The clearest statement of Petitioner's position is found in her Request for Relief in her Petition:

> I am being detained, imprisoned, and held charged for an act taken in self-defense against a warrantless raid effected by Sheriff deputies on July 21, 2020, at a tenancy I did hold title by occupancy. I am under no commitment orders except to bail. I seek release from imprisonment & the discharge of all charges as the State of Ohio cannot produce a valid 4th Amendment warrant for arrest or entry in support of the forcible entry using deadly force myself or my wife were subjected to on July 21, 2020. No exigent circumstances existed in our household. I was not under indictment, nor wanted

> for any outstanding warrants. The entry was 100% a violation of the 4th Amendment. All acts after that are fruit of the poisonous tree and subject to the Exclusionary Rule. As such all charges should be discharged & a writ of habeas corpus granted.

(Petition, ECF No. 1, PageID 7).

Based on review of her appellate cases cited to this Court, the Magistrate Judge finds Petitioner has exhausted available state court remedies on part of the claim she makes, to wit, that she is entitled to release from pretrial detention because she cannot be validly convicted.

However, that claim is without merit. Petitioner is detained for trial on a facially valid Indictment charging her with (1) felonious assault on a peace officer with a firearm and (2) possessing a weapon while under a disability. It is not unconstitutional for the State of Ohio to set a bond for a person thus charged and hold them in lieu of bond pending trial, whether or not the victim entered her tenancy unlawfully and whether or not she was justified under Ohio law in using deadly force to resist that entry. If it were unconstitutional, the only relief a habeas court could issue in a § 2241 proceeding would be release from custody pre-trial. Even if it were proceeding under 42 U.S.C. § 1983, a federal court could not adjudicate Fourth Amendment claims that will arise in a pending state court case until the state courts have themselves adjudicated those claims. See *Heck v. Humphrey,* 512 U.S. 477 (1994); *Younger v. Harris*, 401 U.S. 37 (1971)[2].

**Conclusion**

Because there is no constitutional right to release from detention in lieu of bond on the basis of an underlying Fourth Amendment claim, the Magistrate Judge recommends the Petition

---

[2] This is not a case where Petitioner alleges that the underlying state statute is unconstitutional. Compare *Dombrowski v. Pfister*, 380 U.S. 479 (1965). Nor could it plausibly be argued that a statute prohibiting shooting other people is facially unconstitutional. Self defense must be proved at trial.

be dismissed with prejudice to a further filing under 28 U.S.C. § 2241, but without prejudice to any proceeding under 28 U.S.C. § 2254 post-conviction.

Because the case can resolved on the basis of documents available from the public websites of the Ohio Tenth District Court of Appeals and the Supreme Court of Ohio and of which this Court may take judicial notice, the Petitions for Writs of Certiorari are denied as moot.

**Conclusion**

The Petition should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 31, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.