# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

MONICA JUSTICE,

        Petitioner,    :    Case No. 2:21-cv-5902

  - vs -                                District Judge Sarah D. Morrison
                                        Magistrate Judge Michael R. Merz

DALLAS BALDWIN, et al.,

                                         :

        Respondents.

## SUPPLEMENTAL REPORT AND RECOMMENDATION

    This habeas corpus case, brought *pro se* by Petitioner Monica Justice, is before the Court on Petitioner's Objections (ECF No. 13) to the pending Substituted Report and Recommendation (Sub. Report, ECF No. 8). District Judge Morrison has recommitted the case for reconsideration in light of the Objections (ECF No. 14).

    Petitioner's claim is that she is unconstitutionally detained in lieu of bond on Ohio felonious assault charges pending in the Franklin County Court of Common Pleas. She asserts she is entitled to dismissal because the named victim of the assault entered her property in violation of the Fourth Amendment. (Petition, ECF No. 1, PageID 7). The Sub. Report recommended dismissing the Petition on the merits because holding a defendant in lieu of bond is not unconstitutional "whether or not the victim entered her tenancy unlawfully and whether or not she was justified under Ohio law in using deadly force to resist that entry." (Sub. Report, ECF No. 8, PageID 48).

1

Petitioner challenges the prima facie validity of the indictment. She asks "how did the State justify their warrantless deadly force entry into the tenancy on July 21, 2020? How did the State acquire a 'valid' indictment in the first place?" The answer is that federal habeas corpus under 28 U.S.C. § 2241 does not provide a forum in which to litigate those questions. Petitioner evidently believes she is entitled to litigate her "fruit of the poisonous tree" claim before trial and indeed in federal court, but she offers no authority in support of that proposition except *Marbury v. Madison*, 5 U.S. 137, 2 L. Ed. 60 (1803). That case famously held that the Constitution was the supreme law of the land and the United States Supreme Court was its ultimate expositor. But Marbury says nothing about any power of federal courts to litigate defense in state criminal cases before trial.

Petitioner relies on the Full Faith and Credit Clause as codified in 28 U.S.C. § 1738 (Objections, ECF No. 13-1, PageID 68). The Magistrate Judge is uncertain as to why Petitioner believes that provision is applicable, but Federal courts in subsequent litigation are obliged to give prior state court judgments the same effect those judgments would be given in the courts of the rendering State. 28 U.S.C. §1738, *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373 (1985); *Migra v. Warren City School District Board of Edn.,* 465 U.S. 75 (1984); *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461 (1982); *Trafalgar Corp. v. Miami County,* 519 F.3d 285 (6th Cir. 2008), citing *Hamilton's Bogarts, Inc. v. State of Michigan*, 501 F.3d 644, 650 (6th Cir. 2007); *Gutierrez v. Lynch*, 826 F.2d 1534 (6th Cir. 1987); *McNasby v. Crown Cork and Seal Co., Inc.,* 888 F.2d 270 (3d Cir. 1989). Federal courts are not authorized to recognize exceptions to §1738 to allow a federal forum for federal claims generally. *San Remo Hotel, L.P., v. City of San Francisco*, 545 U.S. 323 (2005).

Petitioner asserts the bond imposed on her is excessive in violation of the Eighth

2

Amendment (Objections, ECF No. 13-1, PageID 69).  No Eighth Amendment claim is made in the Petition and new claims cannot be inserted into a habeas corpus case by adding them in objections. *Jalowiec v. Bradshaw*, 657 F.3d 293 (6th Cir. 2011), *citing Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005).

Petitioner criticizes the Sub. Report for not recognizing *Gelston v. Hughes,* 16 U.S. 246 (1818), on the issue of exhaustion of state court remedies.  In that case the United States Supreme Court reviewed a state court judgment on writ of error.  The writ of error recognized in that case was from the Unites States Supreme Court, not a federal district court.  And the writ of error has long since been abolished.

Petitioner purports to be "morally offended" by the Magistrate Judge's recommendation that she not be permitted to appeal *in forma pauperis* upon a finding that an appeal would be frivolous (Objections, ECF No. 13, PageID 70).  The Sub. Report does not recommend finding the **case** is frivolous, but rather that an **appeal** at this stage would be frivolous.

**Conclusion**

Having reconsidered the case in light of Petitioner's Objections, the Magistrate Judge again respectfully recommends the Petition be dismissed with prejudice to a further filing under 28 U.S.C. § 2241, but without prejudice to any proceeding under 28 U.S.C. § 2254 post-conviction. Because reasonable jurists would not disagree with this conclusion, it is also recommended that that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

February 24, 2022.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #